Filed 12/19/13  G8 REO Fund v. Bauer Properties CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| G8 REO FUND, LLC,<br><br>    Cross-complainant, Cross-defendant and Respondent.<br><br>        v.<br><br>BAUER PROPERTIES, LLC,<br><br>    Cross-defendant, Cross-complainant and Appellant. | G047551<br><br>(Super. Ct. No. 30-2011-00500576)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Derek W. Hunt and David R. Chaffee, Judges.  Affirmed.

Law Office of Thomas J. Kostos and Thomas J. Kostos for Cross-defendant, Cross-complainant and Appellant.

Payne & Fears, Daniel L. Rasmussen and Matthew K. Brown for Cross-complainant, Cross-defendant and Respondent.

\*          \*          \*

Cross-defendant, cross-complainant and appellant Bauer Properties, LLC (Bauer), appeals from a final judgment in favor of cross-complainant, cross-defendant, and respondent G8 REO Fund, LLC (G8).  Bauer asserts the trial court erroneously ruled the disclosure requirements of Civil Code section 1102 (section 1102) did not apply to the real property purchase in dispute.  Additionally, Bauer contends the trial court abused its discretion by denying Bauer's motion for leave to amend its cross-complaint, and by denying Bauer's motion to continue the trial date.  None of Bauer's arguments has merit.  Consequently, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Andre Bauer formed Bauer for the purpose of investing in real estate.  Mr. Bauer began purchasing real estate in the late 1980's and by the time of the transaction at issue here had bought 200 or so pieces of property, including portfolios of property and parcels sold as is, where is.  A lawyer generally reviews Bauer's purchases.  Mr. Bauer knows there are risks in real estate investment and Bauer has lost money on some of its purchases.

G8 is a limited liability company, formed by Evan Gentry and Peter James Mitchell, along with G8 Holdings, G8 Capital, and other related companies, to purchase portfolios of property for resale separately or in smaller groups.  In June 2010 G8 entered into an "REO Pool Sale Agreement" with the Federal National Mortgage Association (Fannie Mae) to purchase a "pool" of properties, "as is."  One of the properties purchased was located in Laguna Woods and is the subject of this action (the Property).

In June 2011 G8 Capital sent an e-mail to several investors offering to sell a portfolio of 62 residential properties, to be sold "as-is, where-is, through quit claim deed."  Shortly thereafter Ron Onderick made offers for the properties in an amount below the asking price.  G8 Capital responded by sending its form contract to Onderick for review.  The form contained a section providing the properties were being sold as is.  The heading of this section was in bold, in contrast to all other section headings.

2

The following day Onderick revealed he was acting as an agent and his principal was actually making the offers. G8 then accepted the offer, after which Onderick revealed Bauer was the buyer. This was the first time G8 had heard of Bauer.

On more than one occasion G8 Capital reminded Onderick the sales were on an as-is basis and advised him Bauer should conduct its own due diligence as to title and the condition of the properties. Mitchell, who handled the sales on G8's behalf, told Onderick "these properties have taxes and other issues, liens and things that . . . he needs to do his diligence on and make sure he's comfortable." Mitchell "made sure [Onderick] was aware of" the liabilities attached to the properties, including that the taxes and assessments due would not be prorated. He "was very clear . . . about what those risks were." Mitchell asked Onderick several times if he had questions about any of the properties but Onderick never asked anything specific.

In June Bauer, as buyer, and G8 and its related companies, as sellers,[1] entered into a Purchase and Sale Agreement (Agreement) for the 62 properties (Properties) for a purchase price of $222,300, less than the asking price of $247,000. The average price per property sold was $3,585.

Bauer had a lawyer review the terms of the Agreement and other documents involved in the purchase, and Mr. Bauer's sister, Saundrea Bauer, a licensed attorney in South Carolina, signed the Agreement on Bauer's behalf. No one asked that the Agreement which is G8's standard contract be changed.

Section 8 of the Agreement provided none of the property taxes or assessments would be prorated and Bauer was liable to pay all property taxes, assessments, liens and any other encumbrances on the Properties. In Section 11, Bauer represented it had investigated all of the Properties, including title, and condition,

---

[1] The members of this larger group of related companies (Related Companies) each took title to a portion of the portfolio of the 62 properties sold to Bauer. G8 sold five properties to Bauer, including the Property.

confirmed G8 had made no representations about the Properties' condition, and agreed Bauer was purchasing the Properties "'AS IS,' 'WHERE IS' AND WITH ALL FAULTS." This section again stated Bauer was responsible for all liabilities associated with the Properties, including liens and outstanding taxes.

In Section 13 of the Agreement Bauer released G8 from any claim or liability connected to the Properties, including any unknown claim which might otherwise be excluded under Civil Code section 1542.[2] In Section 15, the integration clause, Bauer represented Bauer and its counsel had reviewed the Agreement.

The sale closed on June 27, 2011 and G8 delivered deeds to the Properties to Bauer. In August 2011, before Bauer recorded the deed to the Property, plaintiff Laguna Woods Mutual No. Fifty (plaintiff), the homeowners' association for the condominium development that included the Property, sued G8 and G8 Holdings seeking to recover the monthly homeowners' dues owed and still accruing on the Property. The complaint sought just over $60,000 for unpaid assessments and attorney fees.

In October 2011 G8 answered the complaint and filed a cross-complaint against Bauer for breach of contract, indemnity, contribution, and declaratory relief. It alleged Bauer owned the Property and, under the Agreement, Bauer was responsible for paying all taxes, assessments and liens.

In March 2012 Bauer cross-complained against G8 for fraud, restitution, breach of contract, and declaratory relief, alleging G8 failed to disclose the unpaid assessments on the Property. It also alleged the Agreement was void or voidable, because it violated section 1102 et seq., and further pleaded the Agreement could be rescinded because G8 knew of the unpaid assessments and failed to disclose them to Bauer at the time of the sale.

---

[2] Bauer alleged in its cross-complaint that the provision was unenforceable because Bauer did not initial it on the line provided.

4

Before trial G8 settled with plaintiff by paying $3,000 in cash and making a statutory offer to compromise under Code of Civil Procedure section 998 in the amount of $15,000, which plaintiff accepted. Bauer also settled with plaintiff by quitclaiming Bauer's interest in the Property to plaintiff in exchange for a dismissal with prejudice.

Before trial Bauer unsuccessfully moved ex parte to continue the trial. After the parties settled with plaintiff, Bauer sought leave to amend its cross-complaint, based on alleged discovery of new facts learned in a deposition. The court denied this motion as well.

After a bench trial the court found G8 had transferred title to the Property to Bauer under the Agreement and awarded G8 $15,000 in damages. It also ruled in favor of G8 on Bauer's cross-complaint. Finally, it awarded G8 slightly more than $100,000 in attorney fees.

Additional facts are set out in the discussion.

## DISCUSSION

*A. Civil Code Section 1102 et seq.*

Section 1102 generally requires a seller of residential real property to provide a written disclosure to a buyer setting out enumerated information about the condition of the property. (Civ. Code, §§ 1102.3, 1102.6.) However, that requirement applies only "to any transfer by sale . . . of real property . . . improved with or consisting of not less than one nor more than four dwelling units." (§ 1102, subd. (a).)

The Agreement concerned the purchase and sale of 62 residential properties throughout the country, including the Property. Contrary to the assertion of Bauer's counsel at oral argument, nothing in the statute or any reported decision we found construing the statute states the "more than four dwelling units" must be in California. Therefore, we conclude, based upon the plain language of the statute, the written disclosure requirement of section 1102 et seq. did not apply to the purchase and sale of the Property under the Agreement.

5

*B.  Motion to Continue Trial*

In mid-June 2012, two months before the scheduled trial date, Bauer filed an ex parte motion to continue the trial date for 90 days.  It was based on the grounds Mr. Bauer was unavailable as a witness, and Bauer had hired new counsel in mid-March of that year who needed time to prepare for trial.  Bauer also relied on new information allegedly learned at the deposition of Mitchell, taken on April 18 and the transcript of which he signed on June 1.  Finally, Bauer referred to "extensive discovery requests," claiming it needed additional time to "review the file and to prepare the issues."

The declaration of Bauer's lawyer set forth that he needed more than five months to prepare for trial.  Counsel also pointed out that, based on Mitchell's deposition, he needed to file an amended cross-complaint.  In his declaration Mr. Bauer explained he resided in South Carolina and was running for a seat in the House of Representatives.  He stated he would be extremely busy for the next two weeks participating in a runoff election and could not leave the state "if [he was] to complete [his] obligations to [his] campaign and . . . supporters."

The court denied the motion, stating no good cause had been shown and setting out a summary of the pleadings, which it characterized as "very convoluted cross-complaints [filed] simply to assign blame and/or responsibility for the non-payment of" the homeowners association sums owed to plaintiff.  The court went on to note plaintiff was seeking about $45,000, just over $19,000 of which was allegedly owed by G8 and claimed in the cross-complaints.  The court explained that if the cross-complaints were severed from the complaint, the case would be a limited civil action and yet Bauer wanted to transform the matter "into the proverbial 'federal case.'"  The court also balanced each party's respective interests in "this simple piece of litigation" and determined a "speedy resolution" was to all parties' benefit.

"A motion for continuance is addressed to the sound discretion of the trial court.  [Citation.]"  (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389,

6

1395.)  A party seeking a continuance must show good cause.  (Cal. Rules of Court, rule 3.1332(c).)

In its brief Bauer summarily concludes the court abused its discretion when it denied the motion because pleadings were incomplete, there had not been sufficient time to conduct discovery, "all the issues were not joined," and it was not reasonable to conclude it could be ready for trial.  *Sawyer v. First City Financial Corp.* (1981) 124 Cal.App.3d 390, 404, cited by Bauer, stands for this general proposition.

But other than that case, Bauer fails to provide any authority or reasoned legal argument supporting its claim.  That alone forfeits the issue.  (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)  In addition, Bauer did not address the bases for the court's ruling, that there was no good cause for a continuance.  Thus, we are not persuaded the trial court abused its discretion in denying the motion.

C. *Motion to Amend Cross-complaint*

Shortly before the scheduled trial date Bauer filed a motion to amend its cross-complaint.  The stated grounds were that Bauer learned of new facts and causes of action after filing the original cross-complaint and adding the new claims would allow the parties to litigate all claims relating to the Properties.  The proposed amended cross-complaint added:  (1) the Related Companies, Mitchell, and Gentry as cross-defendants; (2) some additional allegations, both in the general allegations section and in some of the existing causes of action; and (3) three new causes of action alleging negligence and violations of title 18 U.S.C. section 1962, the Racketeer Influenced and Corrupt Organizations Act (RICO).

The main thrust of the proposed amended complaint was to litigate complaints about at least 23 of the other Properties Bauer purchased from G8 and the Related Companies.  The allegations encompass a wide variety of alleged defects in the Properties, most of which are not in California.

In denying the motion, the court ruled that allowing Bauer to file the proposed first amended complaint would prejudice G8. It found the proposed new pleading was "not so much a revision of the cross-complaint as it [was] a complete rewrite," adding "[s]ignificant allegations or complete theories" and "three new causes of action and six new parties." Thus, G8 would have had to do a significant amount of new preparation for trial and much of what it had done to date would be inadequate.

In addition, the court found the fact the motion was heard only "three short days" prior to the trial date was prejudicial. G8 had had no option but to expend what would be a lot of wasted time and money to prepare for trial. Moreover, Bauer did not explain why it delayed in filing the motion. The court noted Bauer learned of the "purportedly crucial new facts" in Mitchell's deposition on April 18; Mitchell signed the transcript on June 1; but Bauer did not file the motion until July 26. The failure to explain this delay was a violation of the California Rules of Court, making the motion "procedurally defective in addition to being substantively unpersuasive."

The court also referred to Bauer's motion to continue the trial, quoting the ruling denying that motion. It explained the motion to amend the cross-complaint did not present anything additional to change that decision.

The general policy is to liberally allow amended pleadings so long as the motion is timely and the other party will not be prejudiced. (*Atkinson v. Elk Corp.* (2003) 109 Cal.App.4th 739, 761 [liberal policy of amendment at any stage of trial only if other party not prejudiced]; *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596 ["leave to amend must be liberally granted" if timely motion to amend].) But unjustified delay in filing the motion alone may be a ground for denying the motion. (*P & D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1345.)

In a brief argument on this issue, Bauer relies on the policy of liberality of amendment, citing the general law set out above. Bauer also claims it is an abuse of discretion to deny amendment where the "claims raised in amendment are based on the

same general facts." Then, in a conclusory one-sentence argument, Bauer claims it filed the motion to amend as soon as it learned plaintiff had settled with G8. This is the extent of Bauer's argument.

Bauer's argument is insufficient to show the court abused its discretion. Bauer fails to point to any evidence in the record explaining why its motion was timely. (*P & D Consultants, Inc. v. City of Carlsbad, supra,* 190 Cal.App.4th at p. 1345 [amendment disallowed where the plaintiff failed to explain reason for delay in filing motion].) Bauer also fails to demonstrate why G8 would not have been prejudiced by the amendment. (*Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 486-487 [no abuse of discretion to deny motion to amend filed on eve of trial where significant delay and the defendant prejudiced].) Thus, Bauer's arguments must fail.

## DISPOSITION

The judgment is affirmed. Bauer is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.

9